**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JOE MITCHELL GILLESPIE** **PETITIONER**

**v.** **No. 1:25CV135-SA-DAS**

**STATE OF MISSISSIPPI** **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Joe Mitchell Gillespie for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion; the time to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture[1]**

**Convictions and Sentences**

Joe Mitchell Gillespie is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. His MEC records reflect that in February 2011, he pled guilty to accessory after the fact in the Oktibbeha County Circuit Court. Doc. 6-8 (SCR, Cause No. 2010-0196CR, Docs. 20, 21). On February 1, 2011, the trial court sentenced Gillespie to serve a term of one year in MDOC custody, followed by four years of post-release supervision (PRS). Doc. 6-8 (SCR, Cause No. 2010-0196CR, Doc. 21). On May 20, 2013, MDOC released Gillespie from his one-year term of incarceration to begin his four-year PRS term. Doc. 6-8 (SCR, Cause No. 2010-0196CR, Docs.

[1] The Court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

24, 25). On October 17, 2013, the State filed a petition to revoke Gillespie's PRS, in part, due to his arrest and resulting robbery charge. Doc. 6-8 (SCR, Cause No. 2010-0196CR, Doc. 29). On October 21, 2013, the trial court revoked Gillespie's PRS and sentenced him to serve his four-year-suspended-term. Doc. 6-8 (SCR, Cause No. 2010-0196CR, Doc. 33). On September 15, 2014, MDOC issued a notification of Gillespie's release on his accessory sentence "due to parole" on October 21, 2014. Doc. 6-8 (SCR, Cause No. 2010-0196CR, Doc. 29).

A jury later convicted Gillespie of robbery in the Oktibbeha County Circuit Court. Doc. 6-1 at 88 (SCR, 2015-KA-00218-COA, Vol. 1 at 83). On February 2, 2015, the trial court sentenced him as a habitual offender under Miss. Code Ann. § 99-19-81 to serve a term of fifteen years in MDOC custody, without eligibility for parole or probation. **Exhibit A**; Doc. 6-1 at 87 (SCR, 2015-KA-00218-COA, Vol. 1 at 82).[2]

**Direct Appeal**

Gillespie appealed his robbery conviction and sentence through counsel, raising one issue: Whether the evidence was sufficient to support the guilty verdict. Doc. 6-6 (SCR, 2015-KA-00218-COA, Briefs). The Mississippi Court of Appeals rejected Gillespie's claim and unanimously affirmed his robbery conviction and sentence on June 21, 2016. **Exhibit B** (*Gillespie v. State*, 196 So. 3d 1073, 1074 (Miss. Ct. App. 2016)).

On July 20, 2016, the Mississippi Court of Appeals granted Gillespie's request for a 30-day extension of time to file a motion for rehearing. **Exhibit C**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). He did not file his motion for rehearing by the deadline, and the mandate issued on August 23, 2016. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder).

---

[2] The exhibits referenced in the instant Memorandum Opinion may be found attached to the State's motion to dismiss.

Gillespie then filed his *pro se* motion for rehearing on September 2, 2016. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). On January 17, 2017, the Mississippi Court of Appeals entered an order recalling the mandate, finding Gillespie's *pro se* motion for rehearing timely filed. **Exhibit D**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). The Court of Appeals held:

> The [c]ourt finds that Gillespie's untimely filing may have been the result of his failure to comprehend [c]ourt procedure, rather than a willful failure to comply with [c]ourt rules, and the mandate in this case should be withdrawn so as to allow the [c]ourt to consider the merits of Gillespie's motion for rehearing.

**Exhibit D**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). On January 24, 2017, the Mississippi Court of Appeals denied rehearing. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder).

On February 8, 2017, Gillespie filed a motion for a ten-day extension to file a petition for certiorari review. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). On February 10, 2017, the Mississippi Supreme Court granted Gillespie an extension until February 17, 2017. **Exhibit E**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). Gillespie never filed a petition for certiorari review, and the mandate of the Mississippi Court of Appeals issued on February 28, 2017. **Exhibit F**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder).

**State Post-Conviction Proceedings**

On September 27, 2017, Gillespie filed a *pro se* "petition for extraordinary writ seeking collateral relief" in the Oktibbeha County Circuit Court (with a signature date of September 19, 2017). Doc. 6-9 (SCR, 2013-0380-CR, Doc. 71). On October 6, 2017, the trial court entered an order determining that Gillespie's filing was "in actuality a Motion for Post-Conviction Relief" (PCR motion) and ordered that it "be filed accordingly" in a separate civil action. Doc. 6-9 (SCR, 2013-0380-CR, Doc. 72). On October 24, 2017, the trial court entered an order dismissing Gillespie's PCR motion for lack of jurisdiction. **Exhibit G** (holding that, because Gillespie had

appealed his conviction, the trial court "[wa]s without any authority to hear any post-conviction motions until the petitioner ha[d] obtained permission to file said motions from the appellate court"); Doc. 6-10 (SCR, 2017-0366-CV, Doc. 3).

On July 13, 2018, Gillespie filed a *pro se* motion for an extraordinary writ in the Mississippi Supreme Court (with a signature date of July 10, 2018). Doc. 6-7 (SCR, 2018-M-1005, Case Folder). On July 25, 2018, the Mississippi Supreme Court entered an order construing Gillespie's filing as a state PCR motion and denied it. **Exhibit H**; Doc. 6-7 (SCR, 2018-M-1005, Case Folder). The Mississippi Supreme Court held:

> In this petition, Gillespie maintains he is entitled to post-conviction collateral relief based upon: (1) a "defective" indictment; (2) the State being improperly permitted to amend the indictment; and (3) a claim that his habitual-offender sentence is illegal. After due consideration, the panel finds (1) and (2) are waived and, otherwise, without an arguable basis. As to (3), the panel finds Gillespie's claim is barred by *res judicata* and, otherwise, lacks an arguable basis. Accordingly, the panel finds this petition should be denied.

**Exhibit H**; Doc. 6-7 (SCR, 2018-M-1005, Case Folder).

In March 2019, Gillespie returned to the trial court and filed a letter to the trial judge. Doc. 6-10 (SCR, 2017-0366-CV, Doc. 6). On March 13, 2019, a deputy clerk issued a letter to Gillespie, explaining that the trial court would review his letter and issue a response. Doc. 6-10 (SCR, 2017-0366-CV, Doc. 7). Two days later, on March 15, 2019, the trial court entered an order dismissing Gillespie's filing for lack of jurisdiction. **Exhibit I** (reiterating that, because Gillespie had appealed of his conviction, the trial court "[wa]s without any authority to hear any post-conviction motions until the petitioner ha[d] obtained permission to file said motions from the appellate court"); Doc. 6-10 (SCR, 2017-0366-CV, Doc. 8).

On April 19, 2022, the trial court entered an order in Gillespie's criminal case, denying a recommendation for parole eligibility under Miss. Code Ann. § 47-7-3(h)(iv). **Exhibit J**; Doc. 6-

9 (SCR, 2013-0380-CR, Doc. 73). On April 21, 2022, Gillespie filed a "petition for parole consideration" (with a signature date of March 9, 2020). Doc. 6-9 (SCR, 2013-0380-CR, Doc. 74). Three years later, on March 7, 2025, and March 27, 2025, Gillespie filed two more petitions requesting authorization for parole consideration (each with a signature date of March 3, 2025). Doc. 6-9 (SCR, 2013-0380-CR, Docs. 75, 76).

On May 6, 2025, the trial court entered another order denying Gillespie's request for parole eligibility under Miss. Code Ann. § 47-7-3(h)(iv). **Exhibit K**; Doc. 6-9 (SCR, 2013-0380-CR, Doc. 77). The trial court explained that Gillespie "was sentenced as a violent offender for the crime of Robbery." **Exhibit K**; Doc. 6-9 (SCR, 2013-0380-CR, Doc. 77). The trial court noted that "[s]ection 47-7-3(1)(h)(iv) specifically allows the [c]ourt to recommend parole for only nonviolent offenders and therefore does not allow the [c]ourt to grant the [p]etitioner's request." **Exhibit K**; Doc. 6-9 (SCR, 2013-0380-CR, Doc. 77).

On September 29, 2025, Gillespie again requested authorization for parole consideration (with a signature date of August 18, 2025). Doc. 6-9 (SCR, 2013-0380-CR, Doc. 78). On October 31, 2025, the trial court entered an order denying Gillespie's request for authorization for parole consideration because he "presented no new information … sufficient to warrant reconsideration of the [c]ourt's previous ruling entered on May 6, 2025." **Exhibit L**; Doc. 6-9 (SCR, 2013-0380-CR, Doc. 79).

**Federal Petition for Writ of *Habeas Corpus***

On August 26, 2025, Gillespie filed the instant *pro se* petition for writ of *habeas corpus*. Doc. 1. Gillespie did not date his petition (Doc. 1 at 14), but it was stamped as received by the facility legal library as "approved legal mail" on August 18, 2025. (Doc. 1-1).

In the instant petition, Gillespie lists four grounds for federal *habeas corpus* relief:

| | |
|---|---|
| Ground One: | Conviction of sentence is not a crime of violence under Miss. Code Ann. 47-7-3(1)(h)(iv) (1972) |
| Ground Two: | Ineffective assistance of counsel who didn't represent me to the best of his ability and lied to me |
| Ground Three: | Conditions of confinement |
| Ground Four: | Newly discovered evidence that if proven viewed in light of—would be sufficient to clear the plaintiff |

Doc. 1.

He contends that the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar his petition because he "wasn't aware or was made known of the laws and/or proceedings, nor did plaintiff know any laws, statutes, his rights or right to appeal his case!" Doc. 1 at 13. For relief, Gillespie requests that he "be considered and/or granted parole eligibility and" that he "be allowed house arrest (ISP)" or "released on parole/or supervised probation." Doc. 1 at 14.[3]

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

[3] To the extent that Gillespie seeks parole in this federal *habeas corpus* proceeding or challenges his alleged right to release on parole, the Court must dismiss the claim with prejudice for failure to state a cognizable claim for federal *habeas corpus* relief. *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (because parole in Mississippi is discretionary, "prisoners in the state have no liberty interest in parole").

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions of § 2244(d)(1)(B-D) apply, under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner must file his *habeas corpus* petition within one year of the date his judgment of conviction becomes final – subject to tolling while a properly filed motion for post-conviction collateral relief is pending in state court.[4]

**Gillespie's Conviction Became Final on February 17, 2017**

The Mississippi Court of Appeals affirmed Gillespie's robbery conviction and sentence on June 21, 2016. **Exhibit B** (*Gillespie v. State*, 196 So. 3d 1073, 1074 (Miss. Ct. App. 2016)). The Court of Appeals then recalled the mandate, and on January 24, 2017, the appellate court denied rehearing. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). Gillespie then filed a motion for a ten-day extension of time to file a petition for certiorari review. Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). On February 10, 2017, the Mississippi Supreme Court granted Gillespie a ten-day extension until February 17, 2017. **Exhibit E**; Doc. 6-5 (SCR, 2015-KA-00218-COA, Case Folder). He never filed a petition for certiorari review, however, and the

[4] The exceptions of § 2244(d)(1)(B–D) do not apply in the present case. Gillespie has identified no impediment to filing under § 2244(d)(1)(B), nor has the petitioner identified a newly recognized constitutional right made retroactive on collateral review or alleged the existence of a factual predicate to impact the limitations period under § 2244(d)(1)(C)–(D).

mandate of the Mississippi Court of Appeals issued on February 28, 2017. **Exhibit F**; Doc. 6-3 (SCR, 2015-KA-00218-COA, Case Folder).

Thus, under 28 U.S.C. § 2244(d), Gillespie's robbery conviction became final on February 17, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); *Dolan v. Dretke*, 168 F. App'x 10, 11 (5th Cir. 2006) (petitioner's conviction became final when the extension of time granted by the state court for filing a petition for discretionary review expired).

Under 28 U.S.C. § 2244(d)(1)(A), Gillespie had one year from February 17, 2017—until February 20, 2018—to file a federal petition for writ of *habeas corpus*, absent statutory or equitable tolling or other applicable exception. *See* 28 U.S.C. § 2244(d).[5]

**Gillespie Has Offered No Facts to Support His Bare Assertion of "Newly Discovered Evidence" to Extend the One-Year Federal *Habeas Corpus* Deadline**

Gillespie's claim of "newly discovered evidence" to support his petition is conclusory and meritless. He cites portions of "newly-discovered-evidence" *standard*, but he has identified no actual *evidence* to support his claim. *See* Doc. 1.

The Mississippi Court of Appeals summarized the facts supporting Gillespie's robbery conviction:

> ¶ 2. In October 2013, at approximately 11 p.m., two Mississippi State University freshmen, Kristopher Pritchard and Nicholas Zander, went to eat at a Sonic fast-

[5] Rule 6(a) of the Federal Rules of Civil Procedure applies to the Section 2244(d) limitations period. *See Flanagan v. Johnson,* 154 F.3d 196, 202(5th Cir. 1998). In the present case, one year after February 17, 2017, fell on a Saturday, and the following Monday was a federal holiday—President's Day 2018. Thus, under Rule 6(a)(1)(C), Gillespie's *habeas corpus* filing deadline was the next available business day on Tuesday, February 20, 2018—as stated above.

> food establishment in Starkville, Mississippi. After going to Sonic, Zander asked Pritchard to stop at a nearby convenience store to purchase some cigarettes. They pulled up to a Chevron gas station with an adjacent liquor store. As they parked, both men noticed a very tall African American male with tattoos on his neck standing against the building. He was later identified as Gillespie. While Zander went inside the gas station, Gillespie approached Pritchard's vehicle. Pritchard rolled down his window, and Gillespie asked him for a couple of dollars. Pritchard agreed. As Pritchard took out his wallet, Gillespie reached in through the window and grabbed it. The two men briefly struggled for the wallet, but Gillespie snatched it away and ran off. Pritchard jumped out of his vehicle to chase Gillespie and retrieve his wallet. As Zander came out of the store, Pritchard asked him to help. Both men chased Gillespie around the side of the store into a wooded area, where they lost Gillespie.
>
> ¶ 3. Pritchard called 911. When law enforcement arrived, Pritchard described the robbery and perpetrator. The next day, Pritchard gave a formal statement at the police station, and positively identified Gillespie from a photo lineup. Gillespie was arrested several days later.

*Gillespie*, 196 So. 3d at 1074.

The Court of Appeals then summarized the trial testimony:

> ¶ 4. At trial, Pritchard and Zander testified for the State, as well as the interviewing detective. Pritchard identified Gillespie in open court as the robber. Zander also identified Gillespie as the man standing against the liquor store, wearing a striped polo-style shirt, whom they chased. On cross-examination, Zander admitted he only saw the back of Gillespie.
>
> ¶ 5. While Gillespie did not testify, the defense's theory of the case, suggested throughout trial, was that Pritchard called Gillespie over to his vehicle when they pulled up to the convenience store and asked Gillespie to get him some drugs. Further, the defense suggested that Pritchard fabricated the robbery incident when Gillespie took Pritchard's money and did not return with drugs.

*Id*. On direct appeal, the Mississippi Court of Appeals rejected Gillespie's challenge to the sufficiency of the evidence:

> Pritchard's testimony supplies evidence sufficient for a jury to find the elements of robbery beyond a reasonable doubt. Pritchard identified Gillespie as the individual who took his wallet from a photo lineup due to Gillespie's facial features and the distinctive tattoo on his neck. Pritchard also identified Gillespie in open court. Pritchard's testimony was not contradicted or impeached by Zander's account of the robbery—in fact, Zander's testimony corroborates [the trial] testimony. Zander had a different, less clear vantage point for identifying Gillespie, but he too

> positively identified Gillespie as the person he chased to get Pritchard's wallet back. Zander testified the perpetrator was wearing a striped shirt and had neck tattoos. The individual was the same height and build, and was wearing the same striped polo-style shirt, as the individual standing in front of the liquor store when they arrived. Zander made an in-court identification of Gillespie as well. We conclude there was sufficient evidence to support Gillespie's conviction of robbery.

*Id*. at 1075.

Gillespie identifies no "newly discovered evidence" and thus cannot rely upon the factual predicate provision under § 2244(d)(1)(D) to claim a later start date to his one-year federal *habeas corpus* limitations period.

**Statutory Tolling Does Not Apply**

Gillespie is not entitled to statutory tolling of his one-year *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2) because did not file a *proper* state motion for post-conviction collateral relief before the February 20, 2018, deadline. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state *habeas* application during the limitations period").

Though Gillespie filed a PCR motion in the *trial court* on September 27, 2017, before the expiration of his one-year limitations period, the trial court dismissed it for want of jurisdiction. **Exhibit G** (as Gillespie had appealed his conviction, the trial court "[wa]s without any authority to hear any post-conviction motions until the petitioner ha[d] obtained permission to file said motions from the appellate court"); Doc. 6-10 (SCR, 2017-0366-CV, Doc. 3). As such, his trial court PCR motion was not a "properly filed" state PCR motion – and he does not enjoy statutory tolling under 28 U.S.C. § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings").

In addition, Gillespie's remaining state PCR filings in the Oktibbeha County Circuit Court and in the Mississippi Supreme Court were filed *after* his one-year limitations period expired on February 20, 2018. Hence, he does not enjoy statutory tolling during the pendency of any of those filings. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a "state *habeas* application did not toll the limitation period under section 2244(d)(2) because it was not filed until after the period of limitation had expired"); *accord Fairley v. Kent*, No. 18–31193, 2019 WL 12374114, at *1 (5th Cir. July 3, 2019), cert. denied, 140 S. Ct. 882 (2020). Gillespie's federal petition thus remained due in this court by February 20, 2018.

**Equitable Tolling Does Not Apply**

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year *habeas corpus* limitations period of 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher*, 174 F.3d at 713–14; *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Similarly, a *pro se* prisoner's limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14 (miscalculation of the *habeas corpus* limitations period, even by a *pro se* petitioner, is not grounds for equitable tolling – and rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently because "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information"). Nor is proceeding *pro se* on federal *habeas corpus*

review a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

Gillespie has not met the first requirement to invoke equitable tolling; he has identified no rare and exceptional circumstance to warrant such tolling. As discussed above, his allegation that he lacked knowledge of the law does not warrant equitable tolling. *See Johnson*, 483 F.3d at 286; *Felder*, 204 F.3d at 170; *Fisher*, 174 F.3d at 713–14.

Nor was Gillespie reasonably diligent in pursuing his rights. He waited over six months after his direct appeal concluded to seek state post-conviction collateral review on his robbery conviction. Then, after the trial court dismissed his first state PCR motion for want of jurisdiction, he waited another 8 ½ months to seek post-conviction review in the Mississippi Supreme Court. After the supreme court denied state post-conviction collateral review in July 2018, Gillespie waited another seven years to file his federal petition for writ of *habeas corpus*. *See e.g., Prater v. Hooper*, 2023 WL 2987571, *1 (5th Cir. Apr. 18, 2023) (citing *Jackson*, 933 F.3d at 411)). These lengthy delays show that he did not exercise reasonable diligence in pursuing his rights; as such, he may not invoke equitable tolling to render his petition timely.

Ultimately, Gillespie has not proved a rare and exceptional circumstance to qualify for equitable tolling; nor has he shown reasonable diligence in pursuing his rights. Hence, equitable tolling does not apply, and his federal *habeas corpus* deadline remains February 20, 2018.

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

*Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Gilliespie did not date his petition, but it was stamped as received in the facility legal library on August 18, 2025, for mailing to the court. The instant petition was thus filed over seven years after the February 20, 2018, filing deadline. As discussed, he may invoke neither statutory nor equitable tolling to render his petition timely; nor has he identified newly discovered evidence to do so.

**Conclusion**

For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A Final Judgment consistent with this Memorandum Opinion will issue today.

**SO ORDERED**, this, the 30th day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE